## CUNNINGHAM v. STATE ex rel. SHOOK, Criminal District Attorney.

### No. 9512.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 30, 1935.

Rehearing Denied Feb. 27, 1935.

Nami & Vaughan, of San Antonio, for appellant.

John R. Shook and W. C. Linden, Sr., both of San Antonio, for appellee.

SMITH, Justice.

This action was brought in the name of the state of Texas, upon the relation of the district attorney of Bexar county, against Edward Harvey Cunningham, to cancel "Verification license No. A-0217," under which it was agreed by the parties upon the trial that said Cunningham is, and for some time has been, engaged in the practice of medicine in Bexar county. A jury found in response to special issues that Cunningham had procured said license through fraudulent alteration of public documents and records on which alone such license was issued. In response to the jury findings, the trial judge ordered cancellation of the license, and Cunningham has appealed.

It is first contended by appellant that the trial court erred in overruling his application for continuance. In that application appellant alleged that in its original petition appellee, as the plaintiff below, had alleged, merely, that the records upon which appellant's said license had been issued were falsified, whereby appellant had fraudulently procured the license; that by amended petition filed upon the day of trial appellee had charged that appellant himself had so falsified said records; that appellant was surprised by the enlarged allegations, and was thereby prevented from producing evidence to meet them; that, if given time, appellant believed he could procure witnesses to show that he was not a party to "said transaction." The trial judge overruled the application, and appellant makes that ruling the basis of his first proposition.

We conclude that the ruling complained of does not show reversible error. The allegations in the original petition at least carried an inference that appellant had himself changed the records, and certainly they were

such as to permit proof that it was he who actually made the fraudulent changes. Moreover, it does not appear to be material whether appellant himself, or another, falsified the records, in view of the allegations in the original petition, and proof thereof upon the trial, that appellant procured the condemned license upon the spurious records, and upon his representation of their genuineness, and that he received and accepted the license so procured, and is using it as the sole legal basis of his right to practice medicine in this state, in conscious violation of the law. His right to engage in that practice rests upon the validity of his license, and, since it appears from both the original and amended pleadings that the license was procured by appellant through a palpable fraud upon the state, it was properly canceled, no matter who committed the original fraud. The result is that the amendment to the pleadings and the ruling of the court upon the application for continuance resulted in no material injury to appellant's defenses, which consisted only of general and special demurrers, general denial, special denial of his guilt of the alleged fraud, or knowledge thereof, and also pleaded laches on the part of plaintiff in bringing this action, and the bar of limitation. Appellant's first proposition is overruled.

■■ It was alleged by appellee, and proved to the satisfaction of the jury upon the trial, that on April 11, 1898, the board of medical examiners of the Thirteenth district of Texas, at Corsicana, issued a license to Dr. F. E. Green, authorizing him to practice medicine in this state; that thereafter, on December 5, 1901, Dr. Green registered his said license in the Medical Records of Dallas county, as provided by law; that Dr. Green died shortly thereafter; that appellant, some time between the date of that registry, December 5, 1901, and January 17, 1922, altered, falsified, and forged said record, substituting his name therein for the name of the true licensee, Dr. Green; that, upon the strength of the forged record and his false representation that he had been previously authorized to practice by the license issued by the Corsicana board, and by the registration thereof at Dallas, he procured a "verification license," No. A–0217, to be issued to him by the state

board of medical examiners; that by similar false representations he had procured renewals of said verification license, and is now practicing his profession in Bexar county by the sole authority of that license. Upon these allegations appellee prayed that said license be cancelled, by reason of its fraudulent procurement. To these allegations appellant interposed special exceptions, which he now urges on appeal, to the effect, first, that those allegations were "too remote and did not put defendant on notice as to what proof would be required to meet the allegation"; and, second, that said allegations showed the state had been guilty of laches in prosecuting this action based on fraud; and, further, that by reason of the long time covered by the fraud the action was barred by limitation. The trial court properly overruled these exceptions. The allegations complained of specifically alleged the facts relied on, and sufficiently alleged the time of the commission of the frauds by disclaiming knowledge of that time, and alleging that appellee, having committed and profited by the fraudulent acts, knew when they were committed. Moreover, the gravamen of the offense charged to appellant was his acknowledged procurement and use of the current license, which was but recently obtained by him. The question was whether it had been fraudulently obtained, and the allegation that it was procured by a series of fraudulent acts, continuing from the present time back to the original act, was sufficient. A privilege such as this, conceived in fraud and procured by fraud, cannot be raised, by continued fraudulent devices, to the dignity of a vested right, and the state may properly invoke the aid of the courts in withdrawing the privilege at any time the fraud is uncovered.

Appellant complains that there was not sufficient evidence to support the full and definite and emphatic findings of the jury, but there is no merit in this complaint. The evidence was full, clear, satisfactory. Appellant did not himself deny any of the evidence. He did not testify. On the contrary, after verifying his motion for continuance, he absented himself from the trial, and could not be reached by process issued for him at the instance of appellee.

The judgment is affirmed.